Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Av. Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiff Spearhead
Networks Tech, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| Spearhead Networks Tech, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Stackcurve, Inc.,<br><br>Defendant. | Case No. 8:21-cv-1534<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF DEFEND TRADE SECRETS ACT**<br>2. **VIOLATION OF CALIFORNIA UNIFORM TRADE SECRET ACT**<br>3. **CONSPIRACY**<br>4. **VIOLATION OF CAL. BUS. & PROF. CODE § 17200 ET SEQ.**<br>5. **UNJUST ENRICHMENT (RESTITUTION)**<br>6. **CONSTRUCTIVE TRUST**<br>7. **ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

Plaintiff, Spearhead Networks Tech, Inc. ("Spearhead" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint against Defendant Stackcurve Inc. ("Stackcurve"), hereby alleges as follows:

# INTRODUCTION

1. This is an action for trade secret misappropriation and unfair competition arising out of Defendant's misuse of Plaintiff's highly proprietary information resources, contracts, channel contacts and pricing data that Spearhead received against its contract with third party Centurylink and telecommunications services suppliers, as well as confidential discounts information of Plaintiff Spearhead in connection with stealing the account of Plaintiff Spearhead's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide away from Plaintiff. After unlawfully stealing this highly confidential information from Plaintiff Spearhead, Defendant Stackcurve used it to benefit itself and Plaintiff Spearhead competitors by routing business of Plaintiff's customer R&B Realty Group, a California Ltd Partnership DBA Oakwood Worldwide away from Plaintiff. Plaintiff first discovered the theft of the business account of Plaintiff Spearhead's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide by Defendants, using previously stolen trade secrets and confidential information of Plaintiff Spearhead, resulting in financial losses to Plaintiff of at least $524,000, during the Summer of 2021.

2. Instead of developing and compiling their own channel contacts, contracts as well as pricing and discount data, Defendant Stackcurve and its principal Mr. Omar Rezec stole Plaintiff Spearhead's long-term investments and property. While Plaintiff Spearhead developed its own channel contacts, contracts as well as pricing and discount data with sustained effort over many years, Defendant Stackcurve leveraged stolen information to shortcut the process and used the stolen trade secrets to route business of Plaintiff Spearhead's customer R&B Realty Group, a California Ltd Partnership DBA Oakwood Worldwide to Plaintiff Spearhead's competitors. The facts outlined above and elaborated further in this complaint show that Defendant Stackcurve's

channel contacts, contracts as well as pricing and discount data is actually Plaintiff Spearhead's proprietary information.

3. In light of Defendant Stackcurve's misappropriation and infringement of Plaintiff Spearhead's trade secrets, Plaintiff Spearhead brings this Complaint to prevent any further misuse of its proprietary information, to prevent Defendant Stackcurve from harming Plaintiff Spearhead's business and reputation by misusing its proprietary information, to protect the market confidence in Plaintiff Spearhead service offerings and to obtain compensation for its damages and for Defendant Stackcurve's unjust enrichment resulting from its unlawful conduct in stealing the business account of Plaintiff Spearhead's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide, from Plaintiff Spearhead.

## NATURE OF ACTION

4. This is an action for trade secret misappropriation, conspiracy and unfair competition arising out of Defendant Stackcurve's misuse of previously stolen highly proprietary information resources, channel contacts and pricing data that Plaintiff Spearhead received against its contract with third party providers of various telecommunication services as well as confidential discounts information of Plaintiff Spearhead, to steal account of Plaintiff Spearhead's customer R&B Realty Group, a California Ltd Partnership DBA Oakwood Worldwide.

## PARTIES AND RELATED PERSONS

5. Plaintiff Spearhead incorporates the allegations set forth in Paragraphs 1-4 above as if fully set forth herein.

6. Plaintiff Spearhead is a corporation duly formed and existing under the laws of the State of Nevada. Plaintiff Spearhead owns all of the trade secrets and confidential information infringed or misappropriated by Defendant Stackcurve.

7. Defendant Stackcurve Inc. purports to be a California corporation, California Secretary of State file number C4321701 and having its principal office at 200 SPECTRUM CENTER DR STE 300, IRVINE CA 92618. Defendant Stackcurve is owned, controlled and dominated by Mr. Omar Rezec ("Rezec"). According to its filings with California Secretary of

State, Rezec serves as CEO, CFO, Secretary and Director of Defendant Stackcurve. Defendant Stackcurve and Rezec compete with Plaintiff Spearhead in the nationwide market of providing IT services and consulting.

## JURISDICTION AND VENUE

8. Plaintiff Spearhead incorporate the allegations set forth in Paragraphs 1-7 above as if fully set forth herein.

9. This Court has subject matter jurisdiction over Plaintiff Spearhead federal trade secret claim pursuant to 18 U.S.C. §§ 1836-39 et seq. and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367. Moreover, the Court has jurisdiction over the pleaded state law claims pursuant to 28 U.S.C. § 1332, with the amount in controversy being over $524,000.

10. As set forth above, all Defendants are residents of the State of California. In addition, a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this Judicial District. Venue therefore lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## FACTUAL ALLEGATIONS

11. Plaintiff Spearhead incorporate the allegations set forth in Paragraphs 1-10 above as if fully set forth herein.

12. Plaintiff Spearhead was founded in 2008 and provides market-leading solutions for selecting, procuring, and managing third-party IT service relationships.

13. Plaintiff Spearhead offers and sells various services including cloud, data center, network, call center, managed and mobility services.

14. During its more than 12 years in business, Plaintiff Spearhead used substantial time, effort and investment to develop, accumulate and compile highly proprietary channel contacts, contracts as well as pricing and discount data.

15. For example, channel contacts are vendors and customers that are potential buyers of Plaintiff Spearhead services. Channel contacts are critical for conducting business on the

market and are highly proprietary.

16. As a further example, pricing and discount data is information that is critical for creating services offers that are competitive on the marketplace, while remaining profitable for the company. Pricing and discount data is critical for increasing the volume of sales of services and simultaneously maintaining required profitability levels.

17. As the result of its proprietary channel contacts, contracts as well as pricing and discount data Plaintiff Spearhead achieved undisputed success on the marketplace, having grown from just five contractors in 2008 to over 150 contractors in 2020.

18. On or about March 22, 2016, Plaintiff Spearhead and Rezec, acting through his alter ego iConsult IT Partners, Inc. entered into a written Independent Agent Agreement (Agreement), whereby Rezec were to act as non-exclusive independent sales agent (Agent) to solicit end user customers for the Plaintiff Spearhead services offerings.

19. Pursuant to the Agreement, Rezec agreed "not to use any Confidential Information for any purpose except perform services for SPEARHEAD in accordance with this Agreement." Rezec further agreed "not to disclose any Confidential Information to any third parties other than as may be necessary to perform the services and execute the Plan as stated in this Agreement."

20. Rezec further agreed that during and after the term of the Agreement, Rezec (referred to in the Agreement as "Agent") "shall take all reasonable measures to protect the secrecy of and avoid disclosure and unauthorized use of the Confidential Information other than as set forth herein. Without limiting the foregoing, Agent shall take at least those measures that Agent takes to protect his/her own most highly confidential information. Agent shall not make any copies of Confidential Information unless the same are previously approved in writing by SPEARHEAD. Agent shall reproduce Company's proprietary rights notices on any such approved copies, in the same manner in which such notices were set forth in or on the original. Agent shall immediately notify SPEARHEAD in the event of any unauthorized use or disclosure of the Confidential Information."

21. Under the terms of the Agreement, "Confidential Information" was defined to

mean any information related to Plaintiff Spearhead and the Plaintiff Spearhead offerings disclosed to Defendants by Plaintiff Spearhead, either directly or indirectly in writing, orally or by inspection of tangible objects, including without limitation documents, business plans, documentation, financial analysis, marketing plans, customer names, customer list and customer data.

22. Under the terms of the Agreement, the proprietary channel contacts, contracts as well as pricing and discount data of Plaintiff Spearhead constituted Confidential Information of Plaintiff Spearhead.

23. At the end of 2019, for unknown reasons, Rezec went rogue.

24. In more than one instance, Rezec neglected Plaintiff Spearhead customers, causing those customers to complain to Plaintiff Spearhead and damaging Plaintiff Spearhead business relationships.

25. In or about December 2019, Rezec caused substantial damage to the reputation of Plaintiff Spearhead by cursing at customers of Plaintiff Spearhead using foul language.

26. In or about May 2020, Rezec defamed other companies for which Plaintiff Spearhead received cease and desist letters threatening legal action against Plaintiff Spearhead.

27. In 2020, Rezec used Plaintiff Spearhead's brand as well as its resources without authorization for his own benefit and for benefit of Plaintiff Spearhead's competitors and used Spearhead Custom Agent Contracts with Plaintiff Spearhead's customer Centurylink, for his own benefit and for benefit of Plaintiff Spearhead's competitors.

28. In 2019, Rezec used, without authorization, Plaintiff Spearhead's email, Plaintiff Spearhead's resources, Plaintiff Spearhead's channel contacts, Plaintiff Spearhead's custom pricing information approved for Plaintiff Spearhead's customers and represented himself to the customer as acting on behalf of Plaintiff Spearhead. Once the order from a customer came in, Rezec channeled the corresponding sales transaction to a competitor of Plaintiff Spearhead's stealing close to $100,000 in commissions from Plaintiff Spearhead.

29. In 2019, Rezec executed an agreement with a vendor accepting terms that affected

Plaintiff Spearhead's legal rights without any permission authorization to do so from Plaintiff Spearhead.

30. In one instance in 2019, Rezec believed a vendor of Plaintiff Spearhead was shorting his commissions. Once the vendor verified that the commissions were not shorted, Rezec threatened to sue the vendor of Plaintiff Spearhead unless they still paid Rezec additional money.

31. In 2020, Rezec threatened to use his family member, who allegedly worked for the FBI, to make life of Plaintiff Spearhead's executive difficult if the executive did not provide him with access credentials for a computer system storing certain confidential data relating to other agents working for Plaintiff Spearhead, which he would not normally be entitled to see. Rezec further escalated his extortionate demands by stating that Plaintiff Spearhead's executive would be sent to jail if the company did not immediately comply with his demands. As the result of the extortionate conduct of Rezec, Plaintiff Spearhead's provided Rezec with the access credentials to the computer system and confidential data that he demanded.

32. In 2020, Rezec registered or otherwise acquired an Internet domain spearheadinc.com, which looked confusingly similar to the internet domain of Plaintiff Spearhead and used it to mislead Plaintiff Spearhead's customers as to the source of the digital communications. Specifically, Rezec was reaching out to existing customers of Plaintiff Spearhead and new customers using email address omar@spearheadinc.com, making it look like this email account belonged to Plaintiff Spearhead, which was not true. Rezec used this fake email account to fraudulently route business from Plaintiff Spearhead to Plaintiff Spearhead's competitors and avoid detection of his wrongful conduct by Plaintiff Spearhead.

33. In 2019, Rezec downloaded, without authorization, from Plaintiff Spearhead's computer system to his own personal computer system Plaintiff Spearheads' confidential, proprietary, and trade secret channel contacts, contracts as well as pricing and discount data.

34. Rezec subsequently transferred the so misappropriated trade secrets of Plaintiff Spearhead to Defendant Stackcurve.

35. Upon receipt of this information from Rezec, Defendant Stackcurve knew that the Plaintiff Spearheads' confidential, proprietary, and trade secret channel contacts, contracts as well as pricing and discount data that it received from Rezec were obtained by Rezec from Plaintiff Spearhead by theft and other improper means.

36. In 2021, Defendant Stackcurve used the misappropriated Plaintiff Spearheads' confidential, proprietary, and trade secret channel contacts, contracts as well as pricing and discount data to steal an account of Plaintiff Spearhead's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide away from Plaintiff. Defendant Stackcurve's actions were without authorization or approval of Plaintiff Spearhead.

37. As the result of Defendant Stackcurve's actions in stealing the account of Plaintiff Spearhead's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide, away from Plaintiff Spearhead, Plaintiff Spearhead was damaged in the amount of at least $524,000.

**COUNT I**
**Violation of Defend Trade Secrets Act**
**(Against Defendant Stackcurve)**

38. Plaintiff Spearhead incorporate the allegations set forth in Paragraphs 1-37 above as if fully set forth herein.

39. Plaintiff Spearhead owns and possesses certain confidential, proprietary, and trade secret channel contacts, contracts as well as pricing and discount data that Rezec downloaded from Plaintiff Spearhead's system.

40. Plaintiff Spearhead's confidential, proprietary, and trade secret information relates to products and services used, sold, shipped and/or ordered in, or intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce.

41. Plaintiff Spearhead has taken reasonable measures to keep such information secret and confidential.

42. Plaintiff Spearhead has at all times maintained stringent security measures to preserve the secrecy of its trade secret channel contacts, contracts as well as pricing and discount

data. For example, Plaintiff Spearhead restricts access to confidential and proprietary trade secret information to only those who "need to know."

43. Plaintiff Spearhead also requires all employees, contractors, consultants, vendors, and manufacturers to sign confidentiality agreements before any confidential or proprietary trade secret information is disclosed to them. Every outside vendor that has received confidential and proprietary trade secret information related to Plaintiff Spearhead's channel contacts, contracts as well as pricing and discount data has executed at least one written non-disclosure agreement.

44. Due to these security measures, Plaintiff Spearhead's confidential and proprietary trade secret information is not available for others in the marketplace – or any other industry to use through any legitimate means.

45. Plaintiff Spearhead's confidential, proprietary, and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from the disclosure or use of the information.

46. In violation of Plaintiff Spearhead's rights, Defendant Stackcurve misused previously misappropriated Plaintiff Spearhead's confidential, proprietary and trade secret information to steal business account of Plaintiff Spearhead's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide. Defendant Stackcurve's misuse of previously misappropriated Plaintiff Spearhead's confidential, proprietary, and trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive.

47. Defendant Stackcurve has attempted and continues to attempt to conceal its misappropriation.

48. On information and belief, if Defendant Stackcurve is not enjoined, Defendant Stackcurve will continue to misappropriate and use Plaintiff Spearhead's trade secret information for its own benefit and to Plaintiff Spearhead's detriment.

49. As the direct and proximate result of Defendant Stackcurve's conduct, Plaintiff Spearhead has suffered and, if Defendant Stackcurve's conduct is not stopped, will continue to

suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial. Because Plaintiff Spearhead's remedy at law is inadequate, Plaintiff Spearhead seeks, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect its confidential, proprietary, and trade secret information and to protect other legitimate business interests. Plaintiff Spearhead's business operates in a competitive market and will continue suffering irreparable harm absent injunctive relief.

50. Plaintiff Spearhead has been damaged by all of the foregoing in the amount of at least $524,000 and is entitled to an award of exemplary damages and attorney's fees.

### COUNT II
### Violation of California Uniform Trade Secret Act, Cal. Civ. Code § 3426 *et seq.*
### (Against Defendant Stackcurve)

51. Plaintiff Spearhead incorporate the allegations set forth in Paragraphs 1-50 above as if fully set forth herein.

52. Plaintiff Spearhead's proprietary information including channel contacts, contracts as well as pricing and discount data constitute trade secrets as defined by California's Uniform Trade Secrets Act. Plaintiff Spearhead owns and possesses certain confidential, proprietary, and trade secret information, as alleged above. One example of the trade secret information is channel contacts that are vendors and customers that are potential buyers of Plaintiff Spearhead services. Channel contacts are critical for conducting business on the market and are highly proprietary. Another example of the trade secret information is pricing and discount data, which is information that is critical for creating services offers that are competitive on the marketplace, while remaining profitable for the company. Pricing and discount data is critical for increasing the volume of sales of services and simultaneously maintaining required profitability levels.

53. Defendant Stackcurve knew or should have known under the circumstances that the information misappropriated from Plaintiff by Rezec were trade secrets.

54. Defendant Stackcurve misappropriated trade secrets at least by acquiring trade secrets with knowledge of or reason to know that the trade secrets were acquired by improper means, and Defendant Stackcurve used the trade secrets acquired by improper means without

Plaintiff Spearhead's knowledge or consent to steal the account of Plaintiff Spearhead's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide away from Plaintiff.

55. As a direct and proximate result of Defendants' conduct, Plaintiff Spearhead has been injured in an amount of at least $524,000, which is in excess of the jurisdictional minimum of this Court and that will be proven at trial. Plaintiff Spearhead has also incurred, and will continue to incur, additional damages, costs and expenses, including attorney's fees, as a result of Defendant Stackcurve's misappropriation. As a further proximate result of the misappropriation and use of Plaintiff Spearhead's trade secrets, Defendant Stackcurve became unjustly enriched.

56. The aforementioned acts of Defendant Stackcurve were willful, malicious and fraudulent. Plaintiff Spearhead is therefore entitled to exemplary damages under California Civil Code § 3426.3(c).

57. Defendant Stackcurve's conduct constitutes transgressions of a continuing nature for which Plaintiff Spearhead has no adequate remedy at law. Unless and until enjoined and restrained by order of this Court, Defendant Stackcurve will continue to retain and use Plaintiff Spearhead's trade secret information to enrich themselves and divert business from Plaintiff Spearhead. Pursuant to California Civil Code § 3426.2, Plaintiff Spearhead is entitled to an injunction against the misappropriation and continued threatened misappropriation of trade secrets as alleged herein and further asks the Court to restrain Defendant Stackcurve from using all trade secret information misappropriated from Plaintiff Spearhead and to return all trade secret information to Plaintiff Spearhead.

58. Pursuant to California Civil Code § 3426.4 and related law, Plaintiff Spearhead is entitled to an award of attorneys' fees for Defendant Stackcurve's misappropriation of trade secrets.

**COUNT III**
**Unfair Business Practices In Violation Of Cal. Bus. & Prof. Code § 17200 et seq.**
**(Against Defendant Stackcurve)**

59. Plaintiff Spearhead incorporate the allegations set forth in Paragraphs 1-58 above

as if fully set forth herein.

60. By reason of Defendant Stackcurve's fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, said Defendant Stackcurve has violated Cal. Bus. & Prof. Code § 17200 *et seq.* by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff Spearhead of the account of Plaintiff Spearhead's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide using valuable trade secrets and other valuable property misappropriated from Plaintiff Spearhead.

61. "The 'unlawful' practices prohibited by Cal. Bus. & Prof. Code § 17200 et seq. are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made. *Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, (C.D. Cal 2001) 178 F.Supp.2d 1099, 1120; *People v. McKale*, (1979) 25 Cal.3d 626.

62. Defendant Stackcurve's unlawful practices for purposes of Cal. Bus. & Prof. Code § 17200 et seq. include, without limitation, the hereinabove-alleged unlawful acts perpetrated by Defendant Stackcurve, designed to deprive Plaintiff Spearhead of the account of Plaintiff Spearhead's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide using valuable trade secrets and other valuable property misappropriated from Plaintiff Spearhead, which violate the following criminal statutes:

    a. 18 U.S. Code § 1832 (criminal theft of trade secrets).

63. Defendant Stackcurve's 'unlawful' practices for purposes of Cal. Bus. & Prof. Code § 17200 et seq. further include, without limitation, the hereinabove-alleged unlawful acts perpetrated by Defendant Stackcurve, that violate the following civil statutes:

    b. 18 U.S. Code § 1836 (theft of trade secrets); and

    c. Cal. Civ. Code § 3426 (violation of California Uniform Trade Secret Act).

64. Defendant Stackcurve's acts constitute "fraudulent, deceptive, unfair" acts for purposes of Cal. Bus. & Prof. Code § 17200 *et seq*.

65. Thus, by reason of the foregoing, Defendant Stackcurve has violated Bus. & Prof. Code § 17200 et seq. by consummating an unlawful, unfair, deceptive and fraudulent business

practice, designed to misuse Plaintiff Spearhead's valuable trade secrets and other property as alleged herein to steal the account of Plaintiff's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide away from Plaintiff.

66. By reason of the foregoing and as a proximate result of Defendant Stackcurve's violation of Cal. Bus. & Prof. Code § 17200 *et seq.* as herein alleged, Plaintiff Spearhead has been damaged in the amount to be proven at trial, exceeding $524,000.

67. Therefore, Plaintiff Spearhead is entitled to restitution from Defendant Stackcurve, in the amount to be proven at trial.

### COUNT IV
### Unjust Enrichment (Restitution)
### (Against Defendant Stackcurve)

68. Plaintiff Spearhead incorporates the allegations set forth in Paragraphs 1-67 above as if fully set forth herein.

69. As a result of the unlawful actions set forth hereinabove, Defendant Stackcurve has received a financial benefit at the expense of Plaintiff Spearhead in the amount exceeding $524,000 as well as the account of Plaintiff's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide.

70. Defendant Stackcurve had knowledge of the alleged benefit.

71. Defendant Stackcurve voluntarily accepted and retained the benefit obtained.

72. The circumstances render Defendant Stackcurve's retention of the benefit inequitable unless Defendant Stackcurve pays to Plaintiff Spearhead the value of the benefit.

73. Defendant Stackcurve has been unjustly enriched at the expense of Plaintiff Spearhead.

74. Plaintiff Spearhead are entitled to damages as a result of Defendant Stackcurve's unjust enrichment, including the disgorgement of all benefits unlawfully obtained by Defendant Stackcurve, at the expense of Plaintiff Spearhead.

75. As a result of the actions of Defendant Stackcurve, set forth hereinabove, Defendant Stackcurve became unjustly enriched, and as a result thereof, Plaintiff Spearhead is

entitled to damages in the amount to be proven at trial, which constitute a certain and concrete financial loss of the Plaintiff Spearhead factually (directly) and legally (proximately) caused by Defendant Stackcurve's unlawful conduct.

## COUNT V
### Constructive Trust
### (Against Defendant Stackcurve)

76. Plaintiff Spearhead incorporate the allegations set forth in Paragraphs 1-75 above as if fully set forth herein.

77. By reason of the improper and otherwise wrongful manner in which the Defendant Stackcurve obtained its alleged right, claim or interest in and to the property of Plaintiff Spearhead, namely the amount in excess of $524,000 and the account of Plaintiff's customer R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide, Defendant Stackcurve has no legal or equitable right, claim or interest therein, but, instead, Defendant Stackcurve is an involuntary trustee holding said property and profits therefrom in constructive trust for Plaintiff Spearhead with the duty to convey the same to Plaintiff Spearhead forthwith.

## COUNT VI
### Accounting
### (Against Defendant Stackcurve)

78. Plaintiff Spearhead incorporate the allegations set forth in Paragraphs 1-77 above as if fully set forth herein.

79. As a result of the actions of Defendant Stackcurve, set forth hereinabove, Defendant Stackcurve has received money in the amount of at least $524,000, which is due to Plaintiff Spearhead from Defendant Stackcurve, as previously alleged.

80. The exact amount of money due from Defendant Stackcurve to Plaintiff Spearhead is unknown to Plaintiff Spearhead and cannot be ascertained without an accounting of the receipts and disbursements of Defendant Stackcurve, in connection with the alleged unlawful conduct by Defendant Stackcurve.

81. Plaintiff Spearhead has demanded an accounting of the aforementioned receipts and disbursements of Defendant Stackcurve, in connection with the alleged unlawful conduct and

payment of the amount found due, but Defendant Stackcurve has failed and refused, and continue to fail and refuse, to render such an accounting and to pay such sum.

## **PRAYER**

By reason of the foregoing, Plaintiff Spearhead respectfully request that this Court:

(a) enter a judgment in Plaintiff Spearhead's favor and against Defendant Stackcurve on all causes of action alleged herein;

(b) enter a judgment for damages in Plaintiff Spearhead's favor in an amount exceeding $524,000, the exact amount to be further proven at trial;

(c) enter a judgment that Defendant Stackcurve has engaged in unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*;

(d) preliminarily and permanently enjoin Defendant Stackcurve, its officers, subsidiaries, affiliates distributors, agents, servants, employees, attorneys, and all persons in active concert with it, from any further violation of Federal and California laws;

(e) enter a judgment that Defendant Stackcurve became unjustly enriched at the expense of Plaintiff Spearhead in an amount exceeding $524,000;

(f) impose a constructive trust over Defendant Stackcurve for the benefit of Plaintiff Spearhead;

(g) order an accounting of the alleged receipts and disbursements of Defendant Stackcurve, in connection with the alleged unlawful conduct and payment of the amount found due to Plaintiff Spearhead, said amount exceeding $524,000;

(h) enter judgment that Defendant Stackcurve acted with malice, fraud and oppression;

(i) award reasonable attorney fees, costs and prejudgment interest to Plaintiff Spearhead and against Defendant Stackcurve.

(j) award Plaintiff Spearhead exemplary and punitive damages, pursuant to Cal. Civ. Code § 3294, against Defendant Stackcurve in the amount of $5,000,000; and

(k) award Plaintiff Spearhead such other relief as this Court deems just and proper.

| | |
|---|---|
| Dated: September 20, 2021 | Respectfully submitted, |
| | By:   /s/ Pavel I. Pogodin |
| |       Pavel I. Pogodin |
| | |
| | CONSENSUS LAW |
| | Pavel I. Pogodin, Ph.D., Esq. |
| | 5245 Av. Isla Verde |
| | Suite 302 |
| | Carolina, PR 00979 |
| | United States of America |
| | Telephone: (650) 469-3750 |
| | Facsimile: (650) 472-8961 |
| | Email: pp@consensuslaw.io |
| | Attorneys for Plaintiff Spearhead Networks Tech Inc. |

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff Spearhead demand trial by jury of all issues triable to a jury.

Dated: September 20, 2021

Respectfully submitted,

By: /s/ Pavel I. Pogodin
Pavel I. Pogodin

CONSENSUS LAW
Pavel I. Pogodin, Ph.D., Esq.
5245 Av. Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io
Attorneys for Plaintiff Spearhead Networks Tech Inc.