1  Steven Brower (SBN 93568)
        *Steve@BrowerLawGroup.com*
2  Thanh-Thuy T. Luong (SBN 293859)
        *Thuy@BrowerLawGroup.com*
3  **BROWER LAW GROUP, APC**
   23601 Moulton Parkway, Suite 220
4  Laguna Hills, CA 92653
   Telephone: (949) 668-0825
5

6  Attorneys for Defendant

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11 SPEARHEAD NETWORKS TECH,        Case No. 8:21-cv-01534-CJC (KESx)
   INC.,
12                                 **DEFENDANT'S NOTICE OF**
              Plaintiff,           **MOTION AND MOTION TO**
13                                 **DISMISS OR, IN THE**
           v.                      **ALTERNATIVE, TO STAY**
14                                 **PLAINTIFF'S ACTION;**
   STACKCURVE, INC.,               **MEMORANDUM OF POINTS AND**
15                                 **AUTHORITIES IN SUPPORT**
              Defendant.
16
                                   Hearing:
17                                 Date:        December 6, 2021
                                   Time:        1:30 p.m.
18                                 Ctrm:        9B
                                   Judge:       Hon. Cormac J. Carney
19

20                                 Action filed:      September 20, 2021
                                   Trial date:        Not set
21

22

23        **PLEASE TAKE NOTICE** that on December 6, 2021, at 1:30 p.m., or as soon

24 thereafter as this matter may be heard in Courtroom 9B of the above-entitled Court,

25 located at 411 West Fourth Street, Santa Ana, CA, 92701, before the Honorable

26 Cormac J. Carney, Defendant Stackcurve, Inc. ("Defendant") will and hereby does

27 move the Court for an order dismissing this action or, in the alternative, staying this

28 action pending resolution of a first-filed and concurrent state court action.

This Motion is made on the grounds that Defendant's requested dismissal or stay of this action is based, in whole or in part, on the first-to-file rule, the *Colorado River* doctrine of abstention, and the discretion of the district court to decline exercise of supplemental jurisdiction under 28 U.S.C. § 1367(c).  Furthermore, dismissing or staying the instant action in favor of the first-filed concurrent state court action will promote the interests of economy, efficiency, convenience, and comity.

This Motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, the Declaration of Steven Brower, the Proposed Order, all matters of which the Court may take judicial notice, the records and files in this action, and such further evidence and argument as may be presented prior to or at the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 7, 2021.


Dated:  November 8, 2021                    BROWER LAW GROUP, APC


                                            By:  /s/ by ECF
                                                 Steven Brower

                                            Attorneys for Defendant

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................ 1

II.   FACTUAL BACKGROUND ......................................................................... 2

      A.   The Independent Agent Agreement ...................................................... 2

      B.   iConsult Files The First Lawsuit in Orange County Superior Court .... 3

      C.   Spearhead Files and Voluntary Dismisses Federal Lawsuit in
           Northern District of California ............................................................. 3

      D.   Spearhead Brings and Amends Cross-Action in Orange County
           Superior Court ...................................................................................... 4

      E.   Abatement of Spearhead's State Cross-Action in Orange County
           Superior Court ...................................................................................... 5

      F.   Spearhead Files New Lawsuit in Orange County Superior Court ........ 6

      G.   Spearhead Files the Instant Action in Central District of California .... 6

III.  LEGAL STANDARD .................................................................................... 8

      A.   The First-To-File Rule .......................................................................... 8

      B.   Abstention Under The Colorado River Doctrine ................................. 8

      C.   Supplemental Jurisdiction Over Pendent State Law Claims ............... 9

IV.   ARGUMENT ................................................................................................ 10

      A.   The Instant Action Should Be Dismissed In Its Entirety Pursuant
           To The First-To-File Rule .................................................................. 10

           1.   Chronology Of The Lawsuits .................................................. 10

           2.   Similarity Of The Parties ........................................................ 10

           3.   Similarity Of The Issues ......................................................... 11

      B.   The Colorado River Doctrine Of Abstention Supports A Dismissal
           Of The Instant Action ........................................................................ 12

      C.   Spearhead's Pendent State Law Claims Should Be Dismissed And
           Spearhead's Single Federal Law Claim Should Be Stayed ............... 15

V.    CONCLUSION ............................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Acri v. Varian Associates, Inc.*,

  114 F.3d 999 (9th Cir. 1997) ................................................................. 9, 10

*Cadle Co. v. Whataburger of Alice, Inc.*,

  174 F.3d 599 (5th Cir. 1999) ....................................................................... 8

*Church of Scientology of Cal. v. U.S. Dep't of Army*,

  611 F.2d 738 (9th Cir. 1979) ....................................................................... 8

*Colorado River Water Conservation Dist. v. United States*,

  424 U.S. 800 (1976) ........................................................................ 9, 12, 14

*Executive Software N. Am., Inc. v. United States District Court*,

  24 F.3d 1545 (9th Cir. 1994) ..................................................................... 15

*Int'l Aero Prods., LLC v. Aero Advanced Paint Tech., Inc.*,

  325 F.Supp.3d 1078 (C.D. Cal. 2018) ...................................................... 11

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,

  787 F.3d 1237 (9th Cir. 2015) ......................................................... 8, 10, 11

*Mann Mfg., Inc. v. Hortex, Inc.*,

  439 F.2d 403 (5th Cir. 1971) ....................................................................... 8

*Merrill Lynch, Pierce, Fenner & Smith v. Haydu*,

  675 F.2d 1169 (11th Cir. 1982) ................................................................... 8

*Notrica v. Board of Sup'rs of County of San Diego*,

  925 F.2d 1211 (9th Cir. 1991) ................................................................... 15

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,

  678 F.2d 93 (9th Cir. 1982) ......................................................................... 8

*RR Street & Co. Inc. v. Transport Ins. Co.*,

  656 F.3d 966 (9th Cir. 2011) .................................................................. 9, 12

BROWER LAW GROUP
A PROFESSIONAL
CORPORATION

*Smith v. Cent. Ariz. Water Conservation Dist.*,

   418 F.3d 1028 (9th Cir. 2005)...............................................................................9

*West Coast, Inc. v. Snohomish County*,

   33 F.Supp.2d 924 (W.D. Wa. 1999) ...........................................................15, 16


**Statutes**

28 U.S.C. § 1367.............................................................................................9, 10, 15

California Corporations Code § 2105........................................................................5

California Corporations Code § 2203(c) ...........................................................2, 5, 6

DEFENDANT'S MOTION TO DISMISS OR TO STAY

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Stackcurve, Inc. ("Stackcurve") is a business founded and operated by Omar Rezec ("Mr. Rezec").  Stackcurve finds itself as a defendant to this case because Plaintiff Spearhead Networks Tech, Inc. ("Spearhead")[1] is determined to bury Mr. Rezec in lawsuits after their business relationship went sour.

On March 22, 2016, Mr. Rezec signed an Independent Agent Agreement to formalize a business relationship between his company iConsult IT Partners, Inc. ("iConsult") and Spearhead.  The relationship deteriorated and the parties are now in dispute over each other's obligation and performance under said agreement.

On June 23, 2020, iConsult initiated litigation between the parties by filing a lawsuit in Orange County Superior Court against Spearhead and its principal Faisal Chaudhry.

Spearhead, however, is not content to litigate all related claims in one action. Although Spearhead is required to bring any compulsory counterclaims as a cross-action to the case iConsult initiated in Orange County Superior Court—which Spearhead did do—Spearhead has also filed several separate lawsuits against Mr. Rezec and individuals and entities associated with him.

Those separate lawsuits include: (1) a federal action in the Northern District of California against iConsult, Mr. Rezec, and his wife Heather Kuncl, filed on September 2, 2020, and voluntarily dismissed on December 3, 2020, hours after the hearing on a motion similar to the instant motion was held and the judge's tentative ruling was to stay the case; (2) an action in Orange County Superior Court filed on September 17, 2021, against Stackcurve and Mr. Rezec; and (3) the instant action filed three days later on September 20, 2021, against Stackcurve alone.

---

[1]   Please note that Plaintiff was originally incorporated in Nevada under the name Spearhead Networks, Inc.  In or around January 2021, Plaintiff appears to have changed its name to Spearhead Networks Tech, Inc.

Spearhead's decision to file new lawsuits against Mr. Rezec and Stackcurve is an attempt to circumvent an order staying Spearhead's cross-action in Orange County Superior Court under California Corporations Code § 2203(c) because Spearhead is a Nevada corporation which failed to qualify to transact intrastate business in California prior to commencing that cross-action.  Spearhead was given several months to take remedial action to comply with the requirements of the Corporations Code so that it may proceed with its cross-action, but Spearhead has elected to file new lawsuits instead.

A comparison of Spearhead's Complaint herein with Spearhead's Amended Cross-Complaint filed in its cross-action in Orange County Superior Court will reveal that the issues raised are substantially similar and the same parties are involved in both suits.   Accordingly, in the interests of judicial economy and efficiency, Stackcurve requests that the Court dismiss the instant action in its entirety pursuant to the first-to-file rule and/or the *Colorado River* doctrine of abstention so that the parties may resolve all their disputes in state court.  In the alternative, Stackcurve requests that the Court decline to exercise supplemental jurisdiction over Spearhead's state law claims and stay the proceedings on Spearhead's single federal law claim, which is virtually duplicative of one of its state court claims, until resolution of the first-filed state court litigation.

## II.    FACTUAL BACKGROUND

### A.    The Independent Agent Agreement

On March 22, 2016, as set forth in the Complaint herein, Mr. Rezec and his company iConsult, on the one hand, and Plaintiff Spearhead, on the other hand, entered into an Independent Agent Agreement (the "Agreement").  (Dkt. #1 at ¶ 18.) (A copy of the Agreement is attached hereto as Exhibit 1.)

Under the Agreement, Spearhead served as a telecommunications master agent while iConsult served as a non-exclusive telecom sub-agent.   Telecom master agencies, like Spearhead, have direct agreements with telecom service providers

(*e.g.*, AT&T, CenturyLink, Verizon) to execute sales of the providers' offerings to end-user businesses (*e.g.*, Harbor Freight Tools, Facebook, Ross Dress for Less).  On the other hand, telecom sub-agents, like iConsult, are generally engaged in the business of being a sales and services agent who solicits business and enterprise customers to purchase telecom services.  An example of this arrangement is as follows: iConsult sells CenturyLink telecom services such as networking or broadband to an end-user business like Harbor Freight Tools; thereafter, CenturyLink pays Spearhead a commission on the sale, and Spearhead takes a percentage and pays a commission to iConsult who made the sale.

### B.     iConsult Files The First Lawsuit in Orange County Superior Court

On June 23, 2020, iConsult filed a lawsuit against Spearhead and its principal Faisal Chaudhry in Orange County Superior Court, Case No. 30-2020-01149038-CU-BC-CJC (the "State Action").  (A copy of the Complaint in the State Action is attached hereto as Exhibit 2.)  The claims asserted in the State Action arise from the Agreement between iConsult and Spearhead. (Exh. 2 at ¶ 15.)  Specifically, iConsult alleged that Spearhead and Chaudhry had been skimming iConsult's commissions and wrongfully asserted that Mr. Rezec had breached the Agreement as an excuse to withhold future commission payments due to iConsult as agreed under the Agreement.  (*Id.* at ¶¶ 18-29, 44.)

### C.     Spearhead Files and Voluntary Dismisses Federal Lawsuit in Northern District of California

On September 2, 2020, Spearhead filed suit against iConsult, Mr. Rezec, and his wife Heather Kuncl ("Ms. Kuncl") in federal court in the Northern District of California, Case No. 5:20-cv-06226-NC (the "Federal Action").  (A copy of the Complaint in the Federal Action is attached hereto as Exhibit 3.)  The causes of action asserted in the Federal Action include: (1) violation of Defend Trade Secrets Act; (2) violation of California Uniform Trade Secret Act; (3) extortion; (4) conspiracy;

(5) violation of California Business and Professions Code § 17200 et seq.; (6) unjust enrichment; (7) constructive trust; and (8) accounting.

The claims in the Federal Action arose from the same Agreement between iConsult and Spearhead.  (Exh. 3 at ¶ 22.)  In particular, Spearhead alleged that iConsult and Mr. Rezec have misused Spearhead's confidential information contrary to the terms of the Agreement.

iConsult, Mr. Rezec, and Ms. Kuncl filed a motion to dismiss or to stay the Federal Action based on the first-to-file rule and the *Colorado River* doctrine of abstention (*i.e.*, a motion similar to the instant motion).  A hearing was held on December 2, 2020, at which time Magistrate Judge Nathanael Cousins stated his tentative ruling was to grant the motion and stay the Federal Action until the State Action was resolved.  (Brower Decl. ¶ 5.)  Hours later, on December 3, 2020, Spearhead filed a Notice of Voluntary Dismissal, dismissing the Federal Action without prejudice.  (A copy of Spearhead's Notice of Voluntary Dismissal is attached hereto as Exhibit 4.)

### D.   Spearhead Brings and Amends Cross-Action in Orange County Superior Court

Three weeks after commencing the Federal Action, on September 23, 2020, Spearhead filed a Cross-Complaint in the State Action, naming iConsult, Mr. Rezec, and Ms. Kuncl as counter-defendants and alleging claims arising from the Agreement (the "State Cross-Action").  (A copy of Spearhead's Cross-Complaint is attached hereto as Exhibit 5.)  The causes of action asserted in Spearhead's Cross-Complaint include: (1) breach of contract; (2) fraud; (3) breach of covenant of good faith and fair dealing; and (4) violation of California Business and Professions Code § 17200 et seq.

After Spearhead voluntarily dismissed the Federal Action without prejudice on December 3, 2020, Spearhead filed an Amended Cross-Complaint in the State Cross-Action on January 17, 2021, pursuant to stipulation.  (Spearhead's operative

Amended Cross-Complaint is attached as Exhibit 6.)   In its amended pleading, Spearhead continued to assert claims relating to the Agreement, but also added new allegations that Mr. Rezec and Ms. Kuncl conducted iConsult as a RICO enterprise.

Spearhead's operative Amended Cross-Complaint in the State Cross-Action asserts the following causes of action: (1) violations under the RICO statute; (2) violation of Defend Trade Secrets Act; (3) violation of California Uniform Trade Secret Act; (4) extortion; (5) conspiracy; (6) breach of contract; (7) fraud; (8) breach of covenant of good faith and fair dealing; (9) unfair competition in violation of California Business and Professions Code § 17200 et seq.; (10) constructive trust; (11) accounting; and (12) unjust enrichment.

## E.   Abatement of Spearhead's State Cross-Action in Orange County Superior Court

On February 18, 2021, iConsult, Mr. Rezec, and Ms. Kuncl moved for a plea in abatement, seeking a stay of the State Cross-Action on the grounds that Spearhead lacks the legal capacity to maintain the State Cross-Action under California Corporations Code § 2203(c) because Spearhead is a foreign corporation that failed to qualify to transact intrastate business as required by Corporations Code § 2105 prior to commencing the State Cross-Action on September 23, 2020.  In order for the stay to be lifted so that Spearhead can continue to prosecute the State Cross-Action, Spearhead must comply with its statutory qualification requirements and "file[] with the clerk of the court in which the action is pending receipts showing the payment of the fees and penalty and all franchise taxes and any other taxes on business or property in this state that should have been paid for the period during which it transacted intrastate business."  Cal. Corp. Code § 2203(c).

The plea in abatement was granted on July 8, 2021, and Spearhead's State Cross-Action was "abated for a reasonable period of time for . . . Spearhead . . . to engage in remedial measures."  (A copy of the July 8, 2021 Minute Order is attached as Exhibit 7.)  A status conference regarding Spearhead's State Cross-Action was

originally scheduled for November 5, 2021, but was subsequently continued to December 17, 2021.  (Brower Decl. ¶ 8.)  The California Secretary of State website shows that Spearhead is now registered in this state.  However, Spearhead has yet to provide any receipts showing payment of all taxes to the Franchise Tax Board and other penalties imposed by Corporations Code § 2203(c).

### F.   Spearhead Files New Lawsuit in Orange County Superior Court

Rather than engage in remedial measures to comply with the Corporations Code—namely payment of substantial taxes owed to the State of California—so that it can prosecute the State Cross-Action, Spearhead has decided to take a different tack by filing new lawsuits instead.

On September 17, 2021, Spearhead filed a new lawsuit against Stackcurve and Mr. Rezec in Orange County Superior Court, Case No. 30-2021-01221835-CU-BT-CJC (the "New State Suit".)  (A copy of Spearhead's Complaint in the New State Suit is attached hereto as Exhibit 8.)  In that case, Spearhead alleges that Stackcurve and Mr. Rezec forged a customer testimonial from Spearhead's purported customer Life Alert and made it appear as if the testimonial was about Stackcurve.  (Exh. 8 at ¶¶ 1, 43-45.)  The causes of action asserted in the New State Suit include: (1) unfair competition in violation of California Business and Professions Code § 17200 et seq.; (2) constructive trust; (3) accounting; and (4) unjust enrichment.   Spearhead has asserted all four of these causes of action in the Amended Cross-Complaint filed in the State Cross-Action.  (*See* Exh. 6.)  Stackcurve and Mr. Rezec have filed a Notice of Related Case in both the State Action and the New State Suit, and are awaiting the state court's decision regarding the handling of those two cases.

### G.   Spearhead Files the Instant Action in Central District of California

Three days after filing the New State Suit in Orange County Superior Court, Spearhead files yet another lawsuit—the instant action.  Here, Spearhead alleges that

Stackcurve used Spearhead's trade secrets which were purportedly misappropriated by Mr. Rezec to steal Spearhead's customer R&B Realty Group d/b/a Oakwood Worldwide, causing damages of at least $524,000. (Dkt. #1 at ¶¶ 1-4, 33-37.)

The causes of action asserted in the instant action include: (1) violation of Defend Trade Secrets Act; (2) violation of California Uniform Trade Secret Act; (3) conspiracy[2]; (4) violation of California Business and Professions Code § 17200 et seq.; (5) unjust enrichment; (6) constructive trust; (7) accounting. Spearhead has already asserted each and every single one of these causes of action in its Amended Cross-Complaint filed in the State Cross-Action. (*See* Exh. 6.)

The claims in the instant action, although asserted against Stackcurve only, arise from Mr. Rezec's conduct which Spearhead alleges to be in violation of the Agreement between iConsult and Spearhead. Moreover, Spearhead seemingly copied the factual allegations it had pled in the State Cross-Action and reasserted them in the instant action. (*Compare* Exh. 6 at ¶¶ 23-44, *with* Dkt. #1 at ¶¶ 12-33.) There is nothing new to resolve in the instant action. Mr. Rezec's conduct is already at issue in the State Cross-Action. The claimed damages arising from purported loss of business and customers are already alleged in the State Cross-Action.

Because the State Action was filed first, and because Spearhead has already asserted all claims herein in its State Cross-Action, the instant action should be dismissed in its entirety pursuant to the first-to-file rule or under the *Colorado River* doctrine of abstention. Alternatively, the Court should decline to exercise its discretionary jurisdiction over Spearhead's pendent state law claims as the facts alleged in support of those claims have also been raised in the State Cross-Action.

---

[2]  Spearhead included Conspiracy as a cause of action on the caption page of its Complaint herein, but did not allege Conspiracy as a cause of action in the Complaint itself.

### III.   LEGAL STANDARD

#### A. The First-To-File Rule

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Id.* "In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971)). "It should make no difference whether the competing courts are both federal courts <u>or a state and federal court</u> with undisputed concurrent jurisdiction." *Id.* (emphasis added).

The first-to-file rule "normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *Pacesetter Systems,* 678 F.2d at 95 (quoting *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). "When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999).) In applying the first-to-file rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp.*, 787 F.3d at 1240.

#### B.   Abstention Under The *Colorado River* Doctrine

The United States Supreme Court has recognized that federal courts may defer to state courts in situations involving the contemporaneous exercise of concurrent jurisdiction by state and federal courts. *Colorado River Water Conservation Dist. v.*

*United States*, 424 U.S. 800, 817 (1976) ("*Colorado River*"). The *Colorado River* doctrine provides that "there may be circumstances in which traditional abstention principles do not apply, yet considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, nonetheless justify a decision to stay or dismiss federal proceedings pending resolution of concurrent state court proceedings." *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1032-33 (9th Cir. 2005) (internal quotation marks omitted).

The Ninth Circuit has laid out eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *RR Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011).

## C.   Supplemental Jurisdiction Over Pendent State Law Claims

A district court's exercise of supplemental jurisdiction over pendent state claims is governed by 28 U.S.C. § 1367. The statute provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

However, supplemental jurisdiction is discretionary in nature because "a federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (*en banc*). Specifically, "district

courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The district court's discretion to decline to exercise supplemental jurisdiction over state law claims is informed by values of economy, convenience, fairness, and comity. *Acri*, 114 F.3d at 1001.

## IV.   ARGUMENT

### A. The Instant Action Should Be Dismissed In Its Entirety Pursuant To The First-To-File Rule

In applying the first-to-file rule to dismiss a federal action, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp.*, 787 F.3d at 1240. Here, all three factors are met.

#### 1.   Chronology Of The Lawsuits

It is undisputed that the State Action was filed first on June 23, 2020. Not only that, but Spearhead's related State Cross-Action also precedes the instant action, as its original Cross-Complaint was filed on September 23, 2020, and then the Amended Cross-Complaint was filed on January 17, 2021. Moreover, even if only lawsuits against Stackcurve were considered, the instant action is not even first in time given that the New State Suit against Stackcurve and Mr. Rezec was filed on September 17, 2021, while the instant action was filed on September 20, 2021. Thus, the chronology of the lawsuits favors the State Action as well as the related State Cross-Action.

#### 2.   Similarity Of The Parties

"Regarding similarity of the parties, courts have held that the first-to-file rule does not require exact identity of the parties." *Kohn Law Grp.*, 787 F.3d at 1240. "Rather, the first-to-file rule requires only substantial similarity of parties." *Id.*

The State Action involves iConsult filing against Spearhead and its principal Faisal Chaudhry. (Exh. 2.) The related State Cross-Action involves Spearhead filing against iConsult, Mr. Rezec, Ms. Kuncl, and Does 11 through 20, who Spearhead alleged to be alter egos of Mr. Rezec. (Exh. 6 at ¶¶ 12, 18-21.) The instant action involves Spearhead filing against Stackcurve, which is allegedly "owned, controlled and dominated by Mr. Omar Rezec." (Dkt. #1 at ¶ 7.) In other words, Spearhead would have considered Stackcurve as one of Mr. Rezec's alter egos based on its earlier alter-ego allegations. If Spearhead genuinely believed that Stackcurve is liable for Spearhead's damages caused by Mr. Rezec's conduct, Spearhead could have and should have filed a Doe Amendment in the State Cross-Action. Instead, Spearhead has elected to harass Mr. Rezec by filing two new separate lawsuits against Stackcurve within the span of three days. For those reasons, dismissal of the instant action is warranted as all parties involved in this case are already before or could very easily be brought before the state court in either the State Cross-Action or the New State Suit.

### 3.    Similarity Of The Issues

"The issues in both cases also need not be identical, only substantially similar." *Kohn Law Grp.*, 787 F.3d at 1240. "To determine whether two suits involve substantially similar issues, we look at whether there is 'substantial overlap' between the two suits." *Id.* at 1241. "This factor does not require total uniformity of claims but rather focuses on the underlying factual allegations." *Int'l Aero Prods., LLC v. Aero Advanced Paint Tech., Inc.*, 325 F.Supp.3d 1078, 1088 (C.D. Cal. 2018).

The State Action, the related State Cross-Action, and the instant action all pertain to the parties' obligations under the Independent Agent Agreement. Moreover, Spearhead copied factual allegations from the State Cross-Action and reasserted them, almost verbatim, in its Complaint herein, rendering the instant action even more duplicative than it already was. (*Compare* Exh. 6 at ¶¶ 23-44, *with* Dkt. #1 at ¶¶ 12-33.) Because there is substantial overlap in the issues between the two

cases—indeed, the instant action merely concerns a narrow set of issues from the more comprehensive State Cross-Action—dismissing the instant action is proper.

As all three factors of the first-to-file rule are satisfied, the Court should dismiss the instant action in favor of the first-filed State Action and related State Cross-Action.

## B.    The Colorado River Doctrine Of Abstention Supports A Dismissal Of The Instant Action

In the Ninth Circuit, courts generally apply the following factors to determine if a *Colorado River* stay or dismissal is appropriate: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *RR Street & Co.*, 656 F.3d at 978-79 (upholding the district court's dismissal of the federal action). On balance, a majority of the factors support dismissal of the instant action in deference to the State Action and the related Cross-Action.

First, jurisdiction over any property at stake is irrelevant as there is no *res* at issue in this dispute.

Second, the convenience of either forum is not a pertinent factor as both the state court and the federal court are located in Santa Ana, California.

Third, piecemeal litigation will be avoided by dismissing the instant action as Spearhead's allegations that Mr. Rezec misappropriated Spearhead's trade secrets and used such information to route business away from Spearhead (Dkt. #1 at ¶¶ 1-3) have already been raised in the State Cross-Action (Exh. 6 at ¶¶ 1-3). Thus, trying this dispute in both state court and federal court will result in a duplication of efforts. As a case in point, R&B Realty Group d/b/a Oakwood Worldwide, the specific

customer account at issue in the instant action, is already the subject of discovery requests propounded by iConsult upon Spearhead in December 2020 in the State Action.  (Exh. 9, RFP Nos. 52-53, 56-57.)  There is no good reason to allow Spearhead to maintain this separate lawsuit and have the parties conduct discovery regarding this one customer in two separate forums.

Fourth, the state court was the first to obtain jurisdiction given that iConsult filed the State Action on June 23, 2020, and then Spearhead filed its Cross-Complaint on September 23, 2020, and its Amended Cross-Complaint on January 17, 2021—all of which were filed well in advance of Spearhead commencing the instant action on September 20, 2021.

Fifth, California state law provides the rule of decision on the merits given that the majority of Spearhead's causes of action were brought under California law, including California's Uniform Trade Secrets Act ("CUTSA") and the California Business and Professions Code.  Although Spearhead did assert a single federal claim under the Defend Trade Secrets Act ("DTSA"), that law was enacted only in 2016, and thus is unlikely to be well settled or as developed as California state law under the CUTSA, which was enacted in 1984.  Moreover, while the DTSA does provide original jurisdiction, that statute is one which does not require exclusive federal jurisdiction, so even the DTSA claim can be asserted in state court—as Spearhead has already done on its State Cross-Action.  (*See* Exh. 6.)

Sixth, the state court proceedings can adequately protect the rights of the federal litigants.  The fact that Spearhead copied the same factual allegations it pled in the State Cross-Action and asserted them again in its Complaint herein is proof that Spearhead itself believes the state court has authority to address the rights and remedies implicated in this dispute.  (*Compare* Exh. 6 at ¶¶ 23-44, *with* Dkt. #1 at ¶¶ 12-33.)

Seventh, Spearhead's conduct throughout the history of the litigation between the parties is a classic example of forum shopping and judge shopping.  Hours after

Magistrate Judge Cousins of the Northern District of California tentatively ruled in favor of staying the Federal Action, Spearhead quickly filed a notice of voluntary dismissal of that case. (Brower Decl. ¶ 5, Exh. 4.) Thereafter, Spearhead received an unfavorable ruling in Orange County Superior Court when Judge Theodore Howard granted the plea in abatement and stayed the State Cross-Action until Spearhead complied with its requirements under California Corporations Code § 2203(c). (Exh. 7.) The only explanation for Spearhead's decision to file the New State Suit in Orange County Superior Court (currently assigned to Judge John Gastelum) and then file the instant action in federal court three days later is that Spearhead is forum-shopping and judge-shopping. As further evidence of Spearhead's forum-shopping, Spearhead's counsel has stated in a series of emails dated September 28, 2021 that Spearhead plans to file an additional lawsuit in Dallas, Texas against Mr. Rezec and his counsel (Steven Brower and Thanh-Thuy Luong) for "extortionate" litigation, even though all of the underlying litigation and all of the potential defendants are located in California. (Brower Decl. ¶ 11, Exh. 10.) Spearhead should not be allowed to abuse the court system and waste judicial resources in its efforts to harass Mr. Rezec and those associated with him.

Finally, the eighth factor also supports dismissing the instant action as the state court proceedings will resolve all issues before the federal court. Spearhead has conceded impliedly that the state court is a capable of resolving all issues raised in the instant action by copying the same facts alleged in the State Cross-Action and reasserting them in the Complaint herein. Indeed, the instant action is just a narrow slice of the more comprehensive State Action and related State Cross-Action.

In sum, the first two *Colorado River* factors were neutral while the remaining six factors weighed in favor of dismissing the instant action. Accordingly, the Court should abstain from exercising its jurisdiction over the instant action and dismiss it in deference to the State Action and the related State Cross-Action.

C.    **Spearhead's Pendent State Law Claims Should Be Dismissed And Spearhead's Single Federal Law Claim Should Be Stayed**

If the Court does not dismiss the instant action in its entirety, then the Court should decline to exercise its supplemental jurisdiction over Spearhead's state law claims and dismiss them as they are already at issue in the State Cross-Action.

Spearhead alleges that this Court "has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367." (Dkt. #1 at ¶ 9.) However, such jurisdiction is entirely discretionary, and "district courts may decline to exercise supplemental jurisdiction over a claim." 28 U.S.C. § 1367(c).

Supplemental jurisdiction over pendent state law claims is properly declined where the state law claims substantially predominate. 28 U.S.C. § 1367(c)(2). Here, Spearhead brings one cause of action under the federal Defend Trade Secrets Act ("DTSA") and bootstraps five causes of action under California law, including claims under California's Uniform Trade Secrets Act ("CUTSA") and the California Business and Professions Code. Thus, issues of state law substantially predominate in the instant action.

Moreover, compelling reasons exist to decline supplemental jurisdiction over Spearhead's state law claims. 28 U.S.C. § 1367(c)(4). "In determining whether there are 'compelling reasons' to decline to exercise jurisdiction under subsection (4), the Court should consider 'the values of economy, convenience, fairness, and comity.'" *West Coast, Inc. v. Snohomish County*, 33 F.Supp.2d 924, 925 (W.D. Wa. 1999) (citing *Executive Software N. Am., Inc. v. United States District Court*, 24 F.3d 1545, 1557 (9th Cir. 1994)).

The Ninth Circuit has held that the fact that a parallel case is already pending in state court compels dismissal rather than retention of state law claims. *Notrica v. Board of Sup'rs of County of San Diego*, 925 F.2d 1211, 1215 (9th Cir. 1991). Thus, where there is a concurrent related state court action, a district court may properly decline to exercise jurisdiction over pendent state law claims so as to avoid

"duplicative litigation, wasted judicial resources, needless expenditures for both parties, conflicting case schedules, a potential race to judgment, and/or the possibility of inconsistent verdicts." *West Coast, Inc.,* 33 F.Supp.2d at 926.

The procedural history of the present dispute strongly favors dismissal of Spearhead's pendent state law claims. Here, the State Action was pending when Spearhead filed the instant action. Moreover, Spearhead had already initiated a State Cross-Action wherein Spearhead asserted the same factual allegations that it now re-pleads in the instant action. Thus, Spearhead will not be prejudiced if the instant action is dismissed because Spearhead can litigate the factual allegations raised herein in the State Cross-Action.

In light of the above, the Court should decline to exercise its discretionary supplemental jurisdiction over Spearhead's pendent state law claims and stay the proceeding on Spearhead's single federal claim until the State Action and the related State Cross-Action are resolved.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Stackcurve respectfully requests that Spearhead's action be dismissed in its entirety. In the alternative, Stackcurve requests that the Court dismiss all of Spearhead's state law claims and stay the proceeding on Spearhead's single federal law claim until resolution of the state court litigation.

Dated:  November 8, 2021                    BROWER LAW GROUP, APC


By:  <u>/s/ by ECF</u>
                    Steven Brower

Attorneys for Defendant