Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Av. Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiff
Spearhead Networks Tech, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| Spearhead Networks Tech, Inc., | Case No.  8:21-cv-01534-CJC (KESx) |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY** |
| v. | |
| Stackcurve, Inc., | **Hon. Hon. Cormac J. Carney** <br> **Date: December 6, 2021** <br> **Time: 1:30 PM** <br> **Crtrm.: 9B** |
| Defendant. | **Discovery Cutoff: None Set** <br> **Pretrial Conference Date: None Set** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION**

Plaintiff Spearhead Networks Tech, Inc. ("Spearhead" or "Plaintiff") hereby opposes Defendant Stackcurve, Inc. ("Stackcurve") Motion To Dismiss Or, In The Alternative, To Stay Plaintiff's Action.

**RELEVANT FACTS**

On or about June 23, 2020, iConsult Inc., which is not a party to this action, sued Plaintiff Spearhead in OCSC ("OCSC Action") for breach of contract, Defendant's Ex. 2, Dkt. #12-3, alleging certain underpayments under Independent Agent Agreement, Defendant's Ex. 1, Dkt. #12-2.  In response, Plaintiff Spearhead cross-complained against non-parties iConsult Inc. and its principals Omar Rezec and Heather Kunkl, Defendant's Ex. 5, Dkt. #12-6.

On September 2, 2020, Plaintiff brought an action ("First Federal Action") in U.S. District Court for the Northern District of California, under Defend Trade Secret Act (DTSA), for trade secret theft, extortion, conspiracy and unfair competition against non-party iConsult Inc. and its principal, non-party Omar Rezec, for their theft of Plaintiff's highly proprietary information resources, channel contacts and pricing data that Spearhead received against its contract with third party Centurylink as well as confidential discounts information of Plaintiff Spearhead. Defendant's Ex. 3, Dkt. #12-4.  Defendants moved to dismiss or stay that action based on substantially the same grounds as in this motion.  During a court hearing which took place on December 2, 2020, a U.S. Magistrate Judge assigned to the case, expressed concern that the First Federal Action was brought in a wrong venue as Defendants were located in the Orange county and not in Northern California, Pogodin Decl. ¶ 3.  During the same hearing, Defendant's counsel Steven Brower agreed to stipulate to the amendment of the cross-complaint previously filed in the OCSC to add all the claims asserted in the First Federal Action, Pogodin Decl. ¶ 4.  Based on the U.S. Magistrate Judge's comments about the venue and relying, in good faith, on Defendants' counsel Steven Brower offer to stipulate to the amendment of the cross-complaint to include the

claims from the First Federal Action into the cross-complaint in the OCSC Action, Spearhead voluntary dismissed the First Federal Action without prejudice, Defendant's Ex. 4, Dkt. #12-5, Pogodin Decl. ¶ 5, and, on January 19, 2021, filed an amended cross-complaint in the OCSC Action, asserting claims for trade secret misappropriation, Defendant's Ex. 6, Dkt. #12-7. However, in a blatant about-face, Defendant's counsel Steven Brower then moved to abate Spearhead's amended counterclaims in the OCSC Action under Cal. Corp. Code § 2203(a), which ran directly against his earlier position in his motion to dismiss or stay the First Federal Action, where he argued to the Federal court that these claims would be "more conveniently litigated" in the OCSC Action. Defendant's Ex. 7, Dkt. #12-8. Clearly, abating or avoiding claims, which is disfavored under the California law, is inconsistent with his offer to "litigate them in a more convenient state forum."

Spearhead then registered to do business in California on January 26, 2021, and is now in compliance with Cal. Corp. Code § 2203. Pogodin Decl. ¶ 6. The present action ("Second Federal Action") arises out of conduct of Defendant Stackcurve that took place in June of 2021, or five months *after* the cross-complaint in the OCSC Action was filed, see the Complaint, Dkt. #1, ¶¶ 1, 36. Therefore, the causes of action asserted in the instant Complaint *did not exist* at the time of the filing of the cross-complaint in the OCSC Action and *could not* have been asserted there. *Id.* Specifically, the present action deals with *use* of the *previously stolen* trade secrets to steal a specific client from Plaintiff – R&B Realty Group, a California Limited Partnership DBA Oakwood Worldwide – the act that took place in June of 2021, and which is an act independently actionable under 18 U.S.C. § 1839(5)(B). Complaint, Dkt. #1, ¶ 46. Thus, the present action arose long *after* the now abated cross-complaint in the OCSC Action was filed, is completely unrelated to the now abated cross-complaint in the OCSC Action, and any Defendant's arguments for dismissal or stay of the present lawsuit in view of this now abated and completely unrelated

cross-complaint are just a second attempt at the bait-and-switch that Defendant pulled off in the First Federal Action and are utterly without merit.

## <u>FIRST TO FILE RULE DOES NOT APPLY</u>

The first-to-file rule, a judicially created "doctrine of federal comity*," Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982), applies when two cases involving "substantially similar issues and parties" have been filed in *different districts*, *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc*., 787 F.3d 1237, 1239 (9th Cir. 2015). Under that rule, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The first-to-file rule is clearly not available here. The Supreme Court has been clear that the Colorado River abstention doctrine, rather than the first-to-file rule, governs a federal court's decision whether to defer to a state court and abstain from exercising jurisdiction and that abstention under Colorado River should be much rarer than abstention under the first-to-file rule. See *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."); see also *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, In*c., 787 F.3d 1237, 1239 (9th Cir. 2015) ("The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another *district court*.") (emphasis added); *Alltrade, Inc. v. Uniweld Products, Inc*., 946 F.2d 622 (9th Cir. 1991) ("The first-to-file rule may be applied `when a complaint involving the same parties and issues has already been filed in *another district*.'") (emphasis added) (citation omitted).

In the present case, the prior filed action was commenced in state court, therefore,

Colorado River abstention doctrine and not first-to-file rule governs whether Federal Court should defer to a state court and abstain from exercising jurisdiction. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991). In any event, as explained in detailed below in connection with Colorado River doctrine, the causes of action, parties and issues in the Federal and state actions are dissimilar and, therefore, even if first-to-file rule was available, the dissimilarity of the parties and issues would preclude its application in this case. Therefore, dismissal or stay under the first-to-file rule should be denied.

## COLORADO RIVER DOCTRINE DOES NOT APPLY

Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction...." *Id.* at 817, 96 S.Ct. 1236 (internal quotation marks omitted). The Supreme Court has emphasized that the federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," including in cases involving parallel state litigation. *Id.* "Abdication of the obligation to decide cases can be justified ... only in the *exceptional* circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at 813, 96 S.Ct. 1236 (internal quotation marks omitted). Under "exceedingly rare" circumstances, *Smith v. Ctr. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir.2005), "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," may counsel in favor of abstention, *Colo. River*, 424 U.S. at 817, 96 S.Ct. 1236 (alteration omitted) (internal quotation marks omitted).

In *Colorado River*, the Supreme Court derived a list of factors that weigh in favor of dismissing a federal suit "due to the presence of a concurrent state proceeding." Id. Federal courts

must consider: "(1) whether either the state or federal court has exercised jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction." 40235 *Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992) (citing *Colorado River*, 424 U.S. at 818). Further, federal courts must consider (5) whether state or federal law controls issues in each of the cases and (6) whether the state proceeding is adequate to protect the parties' rights. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23, 26 (1983).

However, the United States Supreme Court has repeatedly emphasized that dismissal or abstention under the Colorado River doctrine is reserved "only [for] exceptional circumstances; only the clearest of justifications will warrant dismissal." *Id*. at 2. "But we emphasize that our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist `exceptional' circumstances, the `clearest of justifications,' that can suffice under Colorado River to justify the surrender of that jurisdiction." *Id*. at 25-26. The existence of a state court case that asks some of the same questions as a federal case is not grounds, without much more, for dismissal or abstention under the Colorado River doctrine.

In exceptional circumstances, a federal court may decline to exercise its "virtually unflagging obligation" to exercise federal jurisdiction, in deference to pending, parallel state proceedings. *Colo. River*, 424 U.S. at 817, 96 S.Ct. 1236. Such a decision "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. (internal quotation marks and alteration omitted). The decision "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. C*orp., 460 U.S. 1, 16, 103 S.Ct.

927, 74 L.Ed.2d 765 (1983).  Ninth Circuit has recognized eight factors to be considered when

reviewing a district court's decision regarding a *Colorado River* stay or dismissal. *R.R. St.*, 656

F.3d at 978. They are:

> (1) which court first assumed jurisdiction over any property at stake; (2) the
> inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the
> order in which the forums obtained jurisdiction; (5) whether federal law or state law
> provides the rule of decision on the merits; (6) whether the state court proceedings can
> adequately protect the rights of the federal litigants; (7) the desire to avoid forum
> shopping; and (8) whether the state court proceedings will resolve all issues before the
> federal court.

Id. at 978-79. Some factors may not apply in some cases, and "[a]ny doubt as to whether a

factor exists should be resolved against a stay" or dismissal. *Seneca Ins. Co.*, 862 F.3d at 842

(quoting *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990)).

## COLORADO RIVER FACTORS WEIGH AGAINST STAY OR DISMISSAL

Defendant contends that the Court should dismiss or stay Plaintiff's present DTSA action,

which arose *five months after* the filing of Spearhead's now abated counterclaims in the OCSC

Action, brought against different parties, under *Colorado River Water Conservation District v.

United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  The Colorado River doctrine

represents a "narrow exception to the virtually unflagging obligation of the federal courts to

exercise the jurisdiction given them." *Smith v. Ctr. Ariz. Water Conservation Dist.*, 418 F.3d

1028, 1033 (9th Cir.2005) (internal quotation marks and citation omitted). Abstention in favor of

a parallel state action may be proper due to considerations of "[w]ise judicial administration

giving regard to conservation of judicial resources and comprehensive disposition of litigation."

*Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir.1989) (citation omitted). Such cases are "rare,"

"limited," and "exceptional," with "only the clearest of justifications" supporting abstention. *R.R.

St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 977-78 (9th Cir.2011) (internal quotation marks and

citation omitted). The Ninth Circuit "generally require[s] a stay rather than a dismissal." Id. at 979

n. 8.

In determining whether to stay a case pursuant to *Colorado River*, courts in the Ninth Circuit consider eight factors:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co.*, 656 F.3d at 978-79. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19, 96 S.Ct. 1236. Put another way, the decision does not "rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Thus, courts have denied a *Colorado River* stay even where a majority of the factors favors abstention. See, e.g., *Ramirez v. Avalonbay Cmtys.*, Inc., No. C 14-04211 WHA, 2015 WL 4396380, at *2 (N.D.Cal. July 17, 2015).

However, some of the eight factors are "dispositive." *Intel Corp. v. Advanced Micro Devices, In*c., 12 F.3d 908, 913 (9th Cir.1993). Specifically, "substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Id.*; see also *Holder v. Holder*, 305 F.3d 854, 868 (9th Cir.2002) ("Because there is substantial doubt that a final determination in the custody proceeding will resolve all of the issues in Jeremiah's federal Hague Convention petition, we conclude that the district court abused its discretion in staying proceedings."). Any such doubt as to resolution of the federal action compels the court to deny a

Colorado River stay without consideration of the other factors. *Intel*, 12 F.3d at 913 n. 7. The Ninth Circuit has cautioned that the existence of a substantial doubt as to whether the state proceedings will resolve the federal action generally precludes the granting of a Colorado River stay. Id. at 913 Put another way, "[a] district court may enter a Colorado River stay order only if it has `full confidence' that the parallel state proceeding will end the litigation." Id.

This is exactly the situation in the present case.  The instant Federal action was brought under Federal DTSA, 18 U.S.C. § 1836, to address conduct that took place *many months after* the conduct at issue in the abated counterclaims in the OCSC Action.  Thus, there is simply no possibility that the now abated "state [cross-claim] proceeding" in the OCSC Action will resolve any claims in the instant federal action.  In other words, the now abated cross-claims in the OCSC Action will not resolve any issues, as they are now abated and will not move forward.  Moreover, the conduct at issue in the present action took place *long after* the filing of the OCSC Action cross-claims.

Thus, the OCSC Action will not resolve *any* issues before the Federal Court in this action because the DTSA violations will remain here to be litigated.  Because "substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." This is clearly the case here and the dismissal or stay under Colorado River doctrine should be denied for this reason alone and the inquiry should end here.

Moreover, in *Moses H. Cone Mem'l Hosp. v. Mercury Construction Co.,* 460 U.S. 1, 23 (1983) the Supreme Court specifically emphasized that existence of a federal question weighs *heavily* against abstention. *Id.*   In the present case, the Federal DTSA action was brought under *federal question* jurisdiction, which weighs *heavily* against abstention.  *Moses H. Cone Mem'l Hosp. v. Mercury Construction Co.,* 460 U.S. 1, 23 (1983)

The balance of the remaining Colorado River factors also weighs against a stay or

dismissal. The first factor is irrelevant, as there is no property at stake in this case. See, e.g., *Sandoval v. M1 Auto Collisions Ctrs.*, 309 F.R.D. 549, 557 (N.D.Cal. 2015) (finding the first element irrelevant in a wage-and-hour class action).  The second factor, convenience, weighs heavily in favor of maintaining the action the instant forum.  Specifically, the trial in the OCSC Action is set for May of 2022, just six months from now, and the parties simply will not have enough time to properly prepare their claims and defenses in this complex trade secret case. Moreover, OCSC court's docket is heavily overloaded and it takes over six months for a judge just to hear a motion.  Under these circumstances, it will be very nearly impossible for the parties to litigate a complex trade secret misappropriation case in the OCSC forum.  Moreover, no convenience at all will be achieved by combining this action, which is not subject to abatement, as it was filed *after* Plaintiff fully complied with Cal. Corp. Code § 2203, with the now abated counterclaims in the OCSC Action.

As to the third factor, "[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. St. & Co.*, 656 F.3d at 979 (internal quotation marks and citation omitted). Notably, "[t]he mere possibility of piecemeal litigation does not constitute an exceptional circumstance.... Instead, the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding." Id. (internal quotation marks and citations omitted). Here, as explained above, the two cases do not involve the same issues.  To prove a claim under DTSA, Plaintiff would need to prove that: (1) Plaintiff possessed secret information, (2) that reasonably protected, (3) that derives value from its secrecy, and that (4) was misappropriated by Defendant.  No such issues even exist in the OCSC breach of contact action.  On the other hand, the State contract action revolves around offer, acceptance, consideration and breach. Accordingly, no piecemeal litigation will result from the two lawsuits proceeding in parallel and

this factor also weighs against the stay.  The third factor therefore does not support a stay.

As to the fourth factor, the state court obtained jurisdiction first, which ordinarily weighs in favor of a stay. Some courts have found that this factor weighs little where there are differences between the two actions. See, e.g., *Sandoval*, 309 F.R.D. at 558. The fifth factor weighs against the stay because the claims at issue arise under state law.   Regarding the sixth factor, the state court proceedings are clearly inadequate to protect the rights of the federal litigants when it comes to the DTSA claims, as those claims have been abated in the state action.  Moreover, DTSA provides Plaintiffs with additional remedies, such as: (1) seizure of property necessary to prevent the propagation or dissemination of the trade secret that is the subject of the action; (2) award exemplary damages in an amount not more than 2 times the amount of the damages; (3) grant of an injunction; and (4) award of attorney fees.  All these remedies are not available in the state breach of contract action.  Thus, the sixth factor also weighs heavily against the stay or dismissal.

As for the seventh factor, there is no forum shopping present in the instant case, as the DTSA action was appropriately filed in the Federal Court, serving the county of Stackcurve's residence, where it would normally belong.  Thus, seventh factor also weighs against the stay. Lastly, the eighth factor also weighs against a stay: while the state court proceedings stand to resolve the breach of contact claims, they will not resolve all issues before the Federal court because the DTSA violations by Defendant will remain to be litigated in the Federal Court.

Considering all of these factors, this is clearly not an "exceptional" case justifying *Colorado River* abstention.  Moreover, "[a]ny doubt as to whether a factor exists should be resolved against a stay" or dismissal. *Seneca Ins. Co*., 862 F.3d at 842 (quoting *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990)).

## **CONCLUSION**

Thus, for all the foregoing reasons, Defendant's Motion should be denied in its entirety.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  November 16, 2021

Respectfully submitted,

By:____/s/ Pavel I. Pogodin_____
              Pavel I. Pogodin

CONSENSUS LAW
Attorneys for Plaintiff Spearhead
Networks Tech. Inc.